UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR - 5 2008

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

| | |
|---|---|
| JOHN ADAMS Individually, | ) ) |
| Plaintiff | ) CASE NO. ) ) |
| vs. | ) 1 08-CV-0781 ) ) JURY TRIAL DEMANDED ) |
| VENTRON MANAGEMENT, LLC | ) ) TWT |
| Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

Plaintiff, JOHN ADAMS ("Plaintiff"), brings this action against Defendants VENTRON MANAGEMENT, LLC ("DEFENDANT") by and through his attorney and alleges as follows:

1.

Plaintiff, JOHN ADAMS, ("Plaintiff"), brings this action against Defendant VENTRON MANAGEMENT, LLC, as a Florida corporation, for overtime compensation, liquidated damages, declaratory relief, attorneys fees and costs, and other relief under the Fair Labor Standards Act, as amended 29 U.S.C. § 216 (b) (the "FLSA"). Plaintiff was a maintenance

worker and performed related activities for Defendant in, among others, DeKalb County, Georgia.

## JURISDICTION

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C § 1337 and the FLSA, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et. seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2).

## PARTIES

4.

Plaintiff JOHN ADAMS is a resident of Lithonia, Georgia, located in DeKalb County, and was employed by Defendant as a maintenance worker from January, 2006 until December, 2007.

5.

Defendant, VENTRON MANAGEMENT, LLC, is a Florida corporation that operates, and conducts business in, among others, DeKalb County, Georgia. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service to the Registered Agent, Michael S. Rodgers, Esquire, 1545 Peachtree Street NE, # 700, Atlanta Georgia, 30309.

## VIOLATIONS OF THE FLSA

6.

At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203 (r) and 203 (s).

7.

Plaintiff is also individually covered by the FLSA because he was engaged in interstate commerce during his employment with Defendant.

8.

At all times relevant Plaintiff has been an employee of Defendant within the meaning of the FLSA.

9.

At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because during his employment with Defendant, Plaintiff, was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more work weeks.

10.

Upon information and belief, the records, to the extent any exist concerning the number of hours worked and amounts paid to Plaintiff, are in possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

11.

Plaintiff reincorporates and readopts all allegations within Paragraphs 1-10.

12.

As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

13.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, demands judgment against Defendant for of the proper overtime rate of pay for liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages;

2. For pre-judgment damages;

3. For post-judgment interest;

4. For cost of suit; and

5. For an award of attorneys' fees under applicable Georgia Statutes as to all unpaid wages claims; and

6. Such other further relief as the Court deems just and proper.

DATED this 4th day of March, 2008.

_____
DEIRDRE M. STEPHENS
GBN: 678789
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Phone: (404) 965-8811
Attorneys for Plaintiff